UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LUIGI GAROFALO, P.E., | ) | CASE NO. 1:07 CV 3421 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNIVERSITY CIRCLE | ) | <u>AND ORDER</u> |
| POLICE DEPARTMENT, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

On November 2, 2007, <u>pro se</u> plaintiff Luigi Garofalo filed this action against the University Circle Police Department, and the City of Cleveland Parking Violation Bureau.  In the complaint, plaintiff alleges that he has received numerous parking tickets in the vicinity of the rental unit he owns in University Circle.  He seeks compensatory damages for loss of rent and parking fines, punitive damages for "the decades of discontent, hardship, harassment, and suffering directly contributing to his bad health and livelihood," and injunctive relief.  (Compl. at 6.)

**Background**

Mr. Garofalo states that he is the owner of the property located at 11420 Fairchild in the University Circle area of Cleveland, Ohio.  The property consists of four apartments which

he rents primarily to students at neighboring Case Western Reserve University ("Case").  Case owns many of the surrounding properties, including at least one of the adjacent parcels and a parking lot across the street.  The property is close to the Greater Cleveland Regional Transit Authority rapid transit stop.  Parking on the street in this area is not permitted by local ordinance.

Since the 1970's, Mr. Garofalo has been engaged in a continual dispute with the City of Cleveland, University Circle, and Case over the parking situation on that street.  He states that he needs to park his car in close proximity to the unit to make repairs and maintain the property. He indicates he was able to park on the street in violation of the ordinance in the 1960's because few police officers patrolled in this area and even fewer officers would issue tickets.  In the 1970's, more police were visible on the streets; however, he claims the fines were "somewhat affordable" and so he continued his practice of parking illegally.  (Compl. at 3.)  By the 1990's, the parking situation became more difficult for Mr. Garofalo.  Police officers increased their ticketing efforts and the fines were noticeably larger.  He attempted to avoid the citations by parking in areas adjacent to his property.  In response, Case erected "a non-removable object" to the left of his property which prevented unauthorized parking.  Mr. Garofalo then attempted to park on the property to the right of his building.  Case also owns that property and once again refused to permit him to park there.  He states he attempted to park in an adjacent parking lot owned by Case.  Case charges a fee to patrons who wish to park in the lot.  Mr. Garofalo contends he is not present at the apartments often enough to justify purchasing a parking permit.  Case would not allow him to do so for free and would not offer him a discount.  Mr. Garofalo continued therefore to unlawfully park his car in the street.  He indicates he received parking tickets even though he placed a large sign on the window of the car which states, "emergency parking - owner inside."  (Compl. at 5.)

2

He claims that University Circle and the Parking Violations Bureau ignored the sign and issued tickets to him.  He has apparently refused to pay the resulting tickets and has amassed fines in excess of $ 500.00.          Mr. Garofalo indicates that he has attempted to resolve his dispute with the defendants with little success.  He claims that as a result of the unpaid tickets, the Parking Violations Bureau activated a block on his license registration through the Ohio Bureau of Motor Vehicles.  He states that he is a "retired citizen with severe health problems." (Compl. at 5.)  He asserts that "[a]s a direct result of the Defendant' unfair, harassing, illegal and depriving conduct and actions for over two decades, twelve years considered in the damages herein, Plaintiff Luigi Garofalo has sustained damages."  (Compl. at 6.)

### Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the court clearly lacks jurisdiction over the matters presented in the complaint.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)); McLaughlin v. Cotner, 193 F.3d 410 (6th Cir. 1999).  Mr. Garofalo has not stated any legal claims and has given no reasonable indication that subject matter jurisdiction exists to entertain this matter in federal court.  A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8; Washington v. Sulzer Orthopedics, Inc., No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003.)  He has not met that burden.

As an initial matter, Mr. Garofalo's complaint presents no federal question and none is apparent on the face of the pleading.  Principles requiring generous construction of pro se

3

pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which Mr. Garofalo can base federal question jurisdiction.

Furthermore, federal jurisdiction in this case cannot be premised on diversity of citizenship.  Diversity jurisdiction exists only when no plaintiff and no defendant are citizens of the same state.  Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir.1999).  Mr. Garofalo and all of the defendants are "residents" of the State of Ohio.

## Conclusion

Accordingly, this action is dismissed.  The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

4

IT IS SO ORDERED.

S/Peter C. Economus - 12/7/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

5